## Case No. 7,446.

In re JONES.

[2 Lowell, 451;[1] 13 N. B. R. 286.]

District Court, D. Massachusetts. Dec., 1875.

I. T. Drew, for bankrupt.
W. J. Copeland, for objecting creditors.

LOWELL, District Judge. Jones was made a bankrupt in the district of Maine upon a petition of a creditor, and was there examined very fully. The proceedings were afterwards dismissed, and Jones came to Massachusetts, and, after his residence here had been long enough, filed a voluntary petition, which has been proceeded with, and objections to his discharge have been specified and argued.

It is thought by the objecting creditors that the dismissal of the former proceedings was made for the very purpose of getting rid of the objection that preferences had been made within four months of the petition in that case; and it said that no notice was given to creditors of the proposed order to dismiss. If so, it must have been an accident; for the law has always been, until lately, that a man once in bankruptcy cannot go out again without the consent of every creditor. The importance of that rule is shown by this case. Now, by the statute of 1874, proceed-

[1] [Reported by Hon. John Lowell. LL. D., District Judge, and here reprinted by permission.]

ings may be dismissed with the written consent of the debtor, and not less than one-half of his creditors in number and amount, if, after notice to the other creditors, the court shall approve. 18 Stat. 182. But the court would not be likely to approve a dismissal, if its effect would be to obviate valid objections to the bankrupt's discharge.[2]

As the case stands here, mere preferences cannot be set up in opposition to granting a discharge, which were given without regard to this bankruptcy, and more than six months before the petition. The objecting creditors, however, allege that certain conveyances which were made by the bankrupt, and which are admitted to have been preferences, were likewise fraudulent conveyances, and as such may be objected to the discharge, though they were made long before the bankruptcy. It has been held that such a fraud, though committed before the bankrupt law was passed, may be availed of for this purpose.

There is no doubt of the power of congress to make the discharge dependent upon any conditions it chooses to establish; but I have always been of opinion that it has not expressed an intent that a fraud committed before the law was passed should be ground for refusing the discharge. That point is not important here. The true construction of the statute does seem to me to be that a fraud at common law, or under the statutes of the state, may be objected, if it was made at a time so recent that it would affect any of the creditors who can come in under the bankruptcy.

It appears to me, upon examination of the evidence here, that one at least of the conveyances proved to have been made by the bankrupt was not only a preference, but an actual fraud; that is to say, though there was the consideration of a debt, there was likewise an intent to conceal and withdraw the property from creditors, and not a simple and bona fide intent to pay or secure the debt. In another of the transactions there was a secret reservation of a benefit to the debtor, if the property should be more than sufficient to pay the debt; and, though this did not prove to be so, the fraud was complete before the result was determined.

The legal effect of such evidence depends on Rev. St. § 5110, cl. 5, under which, as I have intimated, a preference probably means, either one that would have been voidable by the assignee in this case, or at least one that was made in contemplation of this bankruptcy. But the fraudulent payment, conveyance, or loss by gaming do not appear to be thus limited, and seem to include all such payments, conveyances, and losses as have diminished the assets, which otherwise would have come to the assignee. Discharge refused.

---

[2] I am informed by Judge Fox that the case in Maine had not been dismissed, and could not be, under his practice, without notice. If this had been proved, the whole proceedings here would have been quashed, since there can never, or very rarely, be two bankruptcy proceedings against the same person at the same time.

